UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONNIE DIXON SINER (06-B-1671),   **DECISION AND ORDER
                                   DENYING MOTION TO**
                Plaintiff,   **APPOINT COUNSEL**

v.   08-CV-00841(M)

SHERIFF VOULTURE, et al.,

                Defendants.

_____

       This case was referred to me by Hon. Richard J. Arcara for supervision of any and all proceedings in accordance with 28 U.S.C. §636(c) [15].[1]  Before me is plaintiff's motion for appointment of counsel and for a settlement conference [14].  I previously granted plaintiff's motion for a settlement conference [28].

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that he was erroneously imprisoned for 8 months by defendants when a judge had allowed for his release due to time served.  Amended Complaint [4], p. 5.  Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. §1915(e), arguing that he has a "lack of knowledge."  Plaintiff's Motion to Appoint Counsel [14].

       There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  The decision as to whether or not to assign counsel lies clearly within the court's discretion.  In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include the

_____

[1] Bracketed citations refer to the CM/ECF docket.

following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, I must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, supra, 243 F.3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

Plaintiff has not shown that he is incapable of investigating the facts of this case or conducting discovery. While plaintiff's claims may not be frivolous, there is no strong indication that the claims are likely to have merit. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time.

If and when discovery reveals that the plaintiff's claims may be meritorious, he may reapply for counsel. However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: November 23, 2009