UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONNIE DIXON SINER (06-B-1671)          **DECISION AND ORDER**

                Plaintiff,         08-CV-00841(M)

v.

SHERIFF VOULTURE, et al.,

                Defendants.
_____

In accordance with 28 U.S.C. §636(c), the parties have consented to jurisdiction by a United States Magistrate Judge [15].[1] Before me is defendants' motion to dismiss plaintiff's complaint, or in the alternative, to preclude plaintiff from offering proof at trial concerning matters that could reasonably have been covered at his deposition or to extend the discovery deadline [36].

Although I had initially issued a Text Order scheduling oral argument on the motion for August 4, 2010 [38], upon further review I conclude that no oral argument is necessary. For the following reasons, defendants' motion is granted to the extent it seeks an extension of the deadline for completion of discovery, but is otherwise denied.

**BACKGROUND**

Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that he was erroneously imprisoned for 8 months more than he should have served. Amended Complaint [4],

---

[1]     Bracketed citations refer to the CM/ECF docket.

p. 5. Under the Case Management Order [17], all fact depositions were to be completed by April 5, 2010, and all discovery is to be completed by July 30, 2010. [17], ¶¶3 and 6.

Because plaintiff was scheduled to remain incarcerated until early March 2010, defendants served plaintiff with a deposition notice scheduling his deposition for March 30, 2010. Martin Affidavit [36-2], ¶7; February 16, 2010 Deposition Notice [34]. Plaintiff failed to appear for this deposition, but contacted defendants' counsel on April 9, 2010 to reschedule the deposition. Martin Affidavit [36-2], ¶14. Therefore, on April 19, 2010, defendants served plaintiff with a deposition notice scheduling his deposition for May 12, 2010. April 19, 2010 Deposition Notice [35]. Plaintiff appeared for this deposition one hour and fifteen minutes late. Martin Affidavit [36-2], ¶17.[2]

On May 25, 2010, defendants filed this motion pursuant to Fed. R. Civ. P. ("Rule") 37 and Loc. R. Civ. P. ("Local Rule") 5.2(d) seeking to dismiss plaintiff's complaint, or alternatively, to preclude plaintiff from offering proof at trial concerning matters that could reasonably have been covered at his deposition or to extend the discovery deadline. Martin Affidavit [36-2], ¶¶2, 23.

Plaintiff's response to defendants' motion was filed nearly a month after the deadline I set. [37 and 39]. However, even treating defendants' motion as unopposed, "defendants still must establish that they are entitled to judgment as a matter of law". Collier v. City of New York, 2009 WL 464937, *3 (S.D.N.Y. 2009).

---

[2] It is unclear from defendants' motion whether plaintiff's May 12, 2010 deposition went forward.

## ANALYSIS

A party may be subject to sanctions, including dismissal or preclusion of evidence, for failing to appear for a properly noticed deposition. Rule 37(d). Defendants argue that "plaintiff's failure to appear for two scheduled examinations before trial" warrants dismissal of the case or precluding "plaintiff from offering any proof at the time of trial on any issue that could have reasonably been covered at the time of plaintiff's deposition, including topics related to liability and damages". Martin Affidavit [36-2], ¶¶22-23.

Unlike in cases where dismissal has been granted for failure to appear for a deposition, plaintiff, who is proceeding *pro se*, was never previously warned that noncompliance could result in the dismissal of his case. *See*, *e.g.*, Valentine v. Museum of Modern Art, 29 F. 3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal"). Plaintiff's failure to comply with the deposition notices also do not appear to be willful. Id. After he failed to appear for the first scheduled deposition, plaintiff contacted defendants' counsel and did appear for the second scheduled deposition (albeit an hour and fifteen minutes late). Martin Affidavit [36-2], ¶¶14, 17. Contrary to defendants, such conduct does not "evidence his lack of interest in pursuing this matter". Id., ¶22.[3]

Defendants argue that "plaintiff's failure to appear for two scheduled examinations before trial and pursue this litigation has prejudiced defendant's [*sic*] ability to

---

[3] Defendants also move for dismissal pursuant to Local Rule 5.2(d), which requires *pro se* litigants to keep the court apprised of their current address. However, there is no indication that plaintiff has not complied with this Rule.

determine the extent of plaintiff's claims, identify any witnesses and obtain necessary documentation, and to otherwise obtain any information concerning plaintiff's claimed injuries". Martin Affidavit [36-2], ¶21. However, any prejudice incurred by defendants can be alleviated by extending the deadline for completion of discovery.

Therefore, I grant defendants' motion to the extent that it seeks to extend the deadline for completion of discovery. Although I do not find that the harsh sanctions of dismissal or preclusion are warranted at this time, plaintiff is cautioned that his unexcused failure to timely appear for any future depositions may result in sanctions, including dismissal of the case.

## CONCLUSION

For the following reasons, defendants' motion [36] is granted to the extent it seeks an extension of the deadline for completion of discovery, and is otherwise denied. The August 4, 2010 oral argument is converted to a status conference to discuss setting new Case Management Order deadlines.

**SO ORDERED**.

Dated: July 28, 2010

/s/ Jeremiah J.McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge