UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONNIE DIXON SINER, 06B1671,

                    Plaintiff,

v.

SHERIFF JAMES R. VOUTOUR,
CORRECTIONAL OFFICER I. LANGON,
CORRECTIONAL OFFICER BODECKER
and SHERIFF BEILEIN,

                    Defendants.

_____

**DECISION AND ORDER**

08-CV-00841-JJM

## INTRODUCTION

Defendants have moved for summary judgment [54]. The parties have consented to jurisdiction by a United States Magistrate Judge [15].[1] Oral argument was held before me on March 31, 2011. Plaintiff failed to appear (by telephone or in person) for the oral argument and did not contact the court to request an adjournment.[2] For the following reasons, I order that defendants' motion be granted.

## BACKGROUND

Plaintiff commenced this 42 U.S.C. §1983 action *pro se* alleging that his sentence was calculated incorrectly, which resulted him being imprisoned for approximately eight months in violation of his Fifth, Sixth and Ninth Amendment rights. Amended Complaint [4], pp. 5-6. Plaintiff's imprisonment arose from his January 2006 arrest for sexual abuse in the first degree

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     A copy of the February 1, 2011 Text Order scheduling the oral argument [55] was mailed to plaintiff and not returned to the court.

(NY Penal Law §130.65) and unlawfully dealing with a child in the first degree (NY Penal Law §260.20). Defendants' Statement of Material Facts [54-1], ¶3. Following his arrest, he remained incarcerated on these charges from January 26, 2006 to February 3, 2006, when he was released on bail. Id.

On April 10, 2007, plaintiff pled guilty before Hon. Peter L. Broderick, Sr. in Niagara County Court to sexual abuse in the third degree (NY Penal Law §130.55) and unlawfully dealing with a child in the first degree. Id., ¶5. He was sentenced on June 14, 2007 to concurrent terms of 90 days imprisonment on the sexual abuse charge and one year imprisonment on the unlawfully dealing with a child charge. Id., ¶5. Defendants' Appendix [54-2], Ex. D. After plaintiff's sentence was reduced by the nine days he had initially served following his arrest and by 121 days of good time credits, he was released on February 1, 2008. Id., ¶6.

Before serving his sentence on these convictions, in April 2006, he violated his sentence of probation on an earlier conviction for DWI, and was sentenced to 1 to 4 years imprisonment. Id., ¶¶2, 4. He remained incarcerated on this sentence from June 6, 2006 until April 2007. ¶4.

Although the June 14, 2007 sentencing transcript is not before me, both parties appear to agree that Judge Broderick gave plaintiff credit for "time served". However, the parties dispute how plaintiff's time served was calculated. Whereas plaintiff alleges that his time served included the time he was incarcerated on his DWI conviction (defendants' appendix [54-2], Ex. H; amended complaint [4], pp. 5-6), defendants argue that it only encompassed the nine days he served on the sexual abuse and unlawfully dealing with a child charges. Defendants' Memorandum of Law [54-18], Point I.

ANALYSIS

**A.     Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled.  "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.  Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

Although defendants' motion was accompanied by a Notice to *Pro Se* Litigants as required by L.R. Civ. P.  ("Local Rule") 56(b), which cautioned that "[i]n the absence of [a statement of disputed facts] by plaintiff, all material facts set forth in defendants' statement of material facts not in dispute will be deemed admitted" [ 54-19], p. 2.  Despite having this notice, plaintiff has failed to dispute defendants' Statement of Material Facts [54-1].  Therefore, I will consider these fact as being undisputed for purposes of this motion. *See* Fed. R. Civ. P. ("Rule") 56(e)(2)("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion").

B.    **Defendants' Motion**

It is puzzling why the June 14, 2007 sentencing transcript is not in the record before me. Nevertheless, New York State Penal Law ("Penal Law") §70.30 provides in relevant part that

> "[t]he term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence *as a result of the charge that culminated in the sentence*. . . . The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and *shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision to which the person is subject*." Penal Law §70.30(3) (emphasis added).

This section makes evident that plaintiff was only entitled to credit for the time he served "as a result of the charge that culminated in the sentence", and not for time he served on other unrelated charges.

Even if Judge Broderick could override this section of the Penal Law and give plaintiff time served credit for the period he was incarcerated on the DWI conviction, the following excerpt from the transcript of the Sex Offender Risk Assessment ("SORA") proceeding on June 18, 2007 evidences that this did not occur:

> Plaintiff's Counsel: "When we were here on Friday for purposes of sentencing, I represented to the Court that it was my belief that this defendant, Mr. Dixon, had in fact had time served. In reality, he did sit in jail for what would have been at least a year. What the hang-up has turned out to be is when he was processed at the jail, the jail . . . realized that although he's been sitting incarcerated . . . , he only has nine days credit because apparently a bail which had originally been posted, although the family says that at our office's request we had told Mr. Levy to pull the bail, that apparently the jail has no record reflecting that. So, in essence,

> Judge, he would have a release date of not last Friday, but June 8th of next year, according to the jail records. . . .
>
> Judge, I feel kind of badly because . . . , but I would like to think, Judge, that, you know, he may not technically have the credit for the time that he sat in jail, but in reality he was there."
>                         . . .
> The Court:  And honestly, what you said at the sentencing didn't affect my judgment at all.  I mean, the fact that he might have had credits built up to cover the sentence didn't bother me.  But he was going to get the year, anyway, whether he had time built up or not.  My problem is, because I've sentenced him and the only way you can set aside a sentence is if there's some legal imperfection and some problem with the sentence that I gave him, and there is none. . . . .  So unless you can find something wrong with the sentence that I gave, I don't have the authority to set it aside."
>
> [Plaintiff's Counsel]:  The only . . . defect, if you wish to call it that, is my representation to your Honor that he had time served.
>
> The Court:  And I told you that that didn't affect my thinking at all about it because he's paying the price for the second offense, that's what he's doing." Defendants' Appendix [54-2], Ex. C, pp. 8-9, 12-13.

It is evident that Judge Broderick, the prosecutor and plaintiff's counsel were all under the mistaken impression when plaintiff was sentenced that he was entitled to significantly more time served credit, albeit not from the DWI conviction.  Nevertheless, even when Judge Broderick was made aware that plaintiff was only entitled to nine days of time served credit, he found the sentence proper and justified.

Recognizing that the SORA transcript undermines his claim, plaintiff argues that the SORA transcript "is not the true facts that was stated at that day".  Plaintiff's Response [56], p. 2.  This unsupported claim is insufficient to raise a triable issue of fact.  See Reichard v. The Muhler Co., Inc., 2010 WL 3447414, *1 n.4 (D.S.C. 2010), adopted by 2010 WL 3447410

("Plaintiff has provided no basis for this Court to find that his deposition transcript is false or otherwise incorrectly states his testimony").

Plaintiff also requests "a letter to help [him] get [the] sentencing transcript min. of June 14, 2007" from Niagara County Court. Plaintiff's Response [56], p. 3. Even if I treat this as a cross-motion pursuant to Rule 56(d) to conduct discovery necessary to oppose the motion, I would deny it because plaintiff fails to describe why these facts are essential to oppose defendants' motion or why he could not have obtained the transcript during the discovery phase of this case, which concluded on December 31, 2010. Second Amended Case Management Order [50], ¶2. Moreover, I question the significance of the sentencing transcript in light of Judge Broderick's statements at the SORA proceeding.

In an attempt to recast his claim, plaintiff argues that he "was under two sentences while [he] was serving illegal time in the Niagara County Jail" and that under Penal Law §70.35 the sentence he was serving for the DWI conviction should have merged with the sentences he received from his convictions for sexual abuse and unlawfully dealing with a child. Plaintiff's Response [56], pp. 1-2. Penal Law §70.35 ("merger statute") provides in relevant part that

> "[t]he service of an indeterminate or determinate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate or determinate sentence was imposed . . . . A person who is serving a definite sentence at the time an indeterminate or determinate sentence is imposed shall be delivered to the custody of the state department of correctional services to commence service of the indeterminate or determinate sentence immediately unless the person is serving a definite sentence pursuant to paragraph (b) of subdivision five of section 70.25 of this article."

Indeterminate sentences are generally served in the custody of the state department of correctional services (Penal Law §70.20(1)), whereas definite sentences are generally served in a county or regional correctional institution. Penal Law §70.20(2).Thus, "'[t]he rationale of the merger statute is that there is no sound reason to keep a person in a county correctional institution for a short term of imprisonment before transferring him to the more elaborate system of the state. . . . (S)uch sentence encompasses any legitimate objectives that would have been served by the definite sentence. Similarly, the law should not force a person to serve a definite sentence in a county institution for a previously committed offense, when he is released from a state correctional institution. Having served a state sentence the offender should be allowed to make a fresh start.'" State ex rel. Nathan v. Malcolm, 89 Misc.2d 1057, 1059, 393 N.Y.S.2d 500, 501 (Sup. Ct., NY Cty 1977) (*quoting* Practice Commentaries, *McKinney's Consolidated Laws of New York*, Book 39, Penal Law §70.35).

Plaintiff was released from incarceration for the sentence he was serving as a result of his DWI conviction *before* he began serving his sentence for sexual abuse and unlawfully dealing with a child. Defendants' Statement of Facts [54-1], ¶4. Therefore, given the rationale for the merger statute, it is not applicable to plaintiff because he was never simultaneously serving these sentences.

Plaintiff further argues that defendants "fail to produce the body of the Plaintiff which was order [*sic*] and sign [*sic*] and grant [*sic*] by the Supreme Court Judge Hon. Richard C. Loch, Sr. (Index No. 131095) 1-10-2008". Plaintiff's Response [56], p. 2. This argument appears related to the allegation in the Amended Complaint that plaintiff was unable to exhaust his administrative remedies because "[t]he Niagara County Jail would never take me to court as

order by the writ of habeas corpus" [4], p. 5.  Because defendants are not challenging whether plaintiff exhausted his administrative remedies, this issue is moot. [3]

## CONCLUSION

For these reasons, defendants' motion for summary judgment [54] is granted. The Clerk of the Court is directed to close this case.

**SO ORDERED**.

DATED:	April 1, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3] Based upon this finding, I need not address defendants' arguments that defendants Langdon and Boddecker are entitled to qualified immunity grounds and that that defendants Voutour and Beilein lacked any personal involvement. Defendants' Memorandum of Law [58], Points II and III.